**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| B.E.T., Ltd., *aka*<br>BRIDGEPORT EQUIPMENT & TOOL<br><br>Plaintiff,<br><br>vs.<br><br>GREENGER ELECTRONIC<br>TECHNOLOGY, LLC, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO 2:26-CV-00069-JLG-SCS |

**DEFENDANT/CROSSCLAIM-DEFENDANT GREENGER ELECTRIC TECHNOLOGY, LLC'S, INCORRECTLY NAMED AS GREENGER ELECTRONIC TECHNOLOGY, LLC, ANSWER TO AMENDED CROSSCLAIM OF S.S. BROWN TRANSPORTATION, INC. AND CROSSCLAIM DIRECTED TO S.S. BROWN TRANSPORTATION, INC. AND 6G TRANSPORT, LLC**

Now comes Defendant/Crossclaim Defendant Greenger Electric Technology, LLC, incorrectly named as Greenger Electronic Technology, LLC ("Greenger"), and for its Answer to the Amended Crossclaim filed by Defendant/Crossclaim Plaintiff S.S. Brown Transportation, Inc. ("S.S. Brown") states as follows:

## JURISDICTION, PARTIES, AND VENUE

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, Greenger admits that the claims asserted in the Amended Crossclaim are related to the underlying action filed by Plaintiff B.E.T., Ltd., aka Bridgeport Equipment & Tool ("B.E.T.").

2. Greenger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Crossclaim and therefore denies the same.

3. Greenger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Crossclaim and therefore denies the same.

4. Greenger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Crossclaim and therefore denies the same.

5. Greenger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Crossclaim and therefore denies the same.

6. Greenger admits the allegations contained in Paragraph 6 of the Amended Crossclaim.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Greenger denies the allegations contained in Paragraph 7 of the Amended Crossclaim.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Greenger denies the allegations contained in Paragraph 8 of the Amended Crossclaim.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Greenger admits the allegations contained in Paragraph 9 of the Amended Crossclaim.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Greenger admits the allegations contained in Paragraph 10 of the Amended Crossclaim.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Greenger denies the allegations contained in Paragraph 11 of the Amended Crossclaim.

12. In response to Paragraph 12 of the Amended Crossclaim, Greenger denies that it

"markets" its products for distribution and sale in Ohio. Greenger admits the remaining allegations contained in Paragraph 12 of the Amended Crossclaim.

13. Greenger admits the allegations contained in Paragraph 13 of the Amended Crossclaim.

14. Greenger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Crossclaim. To the extent a response is required, Greenger admits the allegations contained in Paragraph 14 upon information and belief.

15. Greenger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Crossclaim. To the extent a response is required, Greenger admits the allegations contained in Paragraph 15 upon information and belief.

16. Greenger admits the allegations contained in Paragraph 16 of the Amended Crossclaim.

17. Greenger admits the allegations contained in Paragraph 17 of the Amended Crossclaim.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Greenger denies the allegations contained in Paragraph 18 of the Amended Crossclaim.

## BACKGROUND

19. Greenger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Crossclaim and therefore denies the same.

20. Greenger denies the allegations contained in Paragraph 20 of the Amended Crossclaim.

21. Greenger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Crossclaim and therefore denies

the same. In further responding, Greenger states that Exhibit A speaks for itself.

22. Greenger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Crossclaim and therefore denies the same. In further responding, Greenger states that Exhibit A speaks for itself.

23. Greenger admits the allegations contained in Paragraph 23 of the Amended Crossclaim.

24. Greenger denies the allegations contained in Paragraph 24 of the Amended Crossclaim.

25. Greenger denies the allegations contained in Paragraph 25 of the Amended Crossclaim.

26. Greenger denies the allegations contained in Paragraph 26 of the Amended Crossclaim.

27. In response to Paragraph 27 of the Amended Crossclaim, Greenger admits that it loaded the Shipment onto the motor carrier. Greenger denies all remaining allegations of Paragraph 27, including that it failed to verify that the motor carrier and driver matched the information provided by S.S. Brown.

28. Greenger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended Crossclaim and therefore denies the same.

29. Greenger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Crossclaim and therefore denies the same. In further responding, Greenger states that Exhibit A speaks for itself.

30. Greenger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Crossclaim and therefore denies the same. In further responding, Greenger states that Exhibit A speaks for itself.

31. Greenger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Crossclaim and therefore denies

the same.

**COUNT I – BREACH OF CONTRACT**

**(*Against Defendant/Crossclaim Defendant 6G*)**

32. Paragraph 32 of the Amended Crossclaim is not directed to Greenger and therefore no response is required.

33. Paragraph 33 of the Amended Crossclaim is not directed to Greenger and therefore no response is required.

34. Paragraph 34 of the Amended Crossclaim is not directed to Greenger and therefore no response is required.

35. Paragraph 35 of the Amended Crossclaim is not directed to Greenger and therefore no response is required.

36. Paragraph 36 of the Amended Crossclaim is not directed to Greenger and therefore no response is required.

37. Paragraph 37 of the Amended Crossclaim is not directed to Greenger and therefore no response is required.

38. Paragraph 38 of the Amended Crossclaim is not directed to Greenger and therefore no response is required.

39. Paragraph 39 of the Amended Crossclaim is not directed to Greenger and therefore no response is required.

40. Paragraph 40 of the Amended Crossclaim is not directed to Greenger and therefore no response is required.

41. Paragraph 41 of the Amended Crossclaim is not directed to Greenger and therefore no response is required.

**COUNT II – Claim for Indemnity, Contribution and/or Apportionment**

**(*Against Defendant/Crossclaim Defendant Greenger*)**

42. In response to the allegations in Paragraph 42 of the Amended Crossclaim, Greenger incorporates by reference all responses contained in the prior paragraphs as if fully

rewritten herein.

43. Greenger denies the allegations contained in Paragraph 43 of the Amended Crossclaim.

44. Greenger denies the allegations contained in Paragraph 44 of the Amended Crossclaim.

45. Greenger denies the allegations contained in Paragraph 45 of the Amended Crossclaim.

46. Greenger denies the allegations contained in Paragraph 46 of the Amended Crossclaim.

47. Greenger denies the allegations contained in Paragraph 47 of the Amended Crossclaim.

## GENERAL DENIAL

Greenger denies each and every allegation contained in the Amended Crossclaim except those specifically admitted herein to be true.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Crossclaim fails to state a claim against Greenger upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

S.S. Brown's claims may be barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, or laches.

### THIRD AFFIRMATIVE DEFENSE

Greenger performed all duties owed in relation to the Shipment.

### FOURTH AFFIRMATIVE DEFENSE

S.S. Brown's claims are barred, in whole or in part, because there is no causal connection between any of Greenger's conduct alleged by S.S. Brown and any alleged injury sustained by S.S. Brown, including but not limited to that Greenger did not double-broker the load.

**FIFTH AFFIRMATIVE DEFENSE**

Under the principles of contribution and indemnity, persons or entities other than Greenger are wholly or partially responsible for the purported damages, if any, that B.E.T. or S.S. Brown may have sustained.

**SIXTH AFFIRMATIVE DEFENSE**

The injuries and damages of which S.S. Brown complains were proximately caused by, or contributed to by, the acts of other persons or entities, and that said acts were an intervening or superseding cause of the injuries and damages, if any, of which S.S. Brown complains, thus barring any recovery against Greenger.

**SEVENTH AFFIRMATIVE DEFENSE**

S.S. Brown's damages, if any, were caused by its own acts or omissions.

**EIGHTH AFFIRMATIVE DEFENSE**

Greenger presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses. Accordingly, Greenger reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

**WHEREFORE,** having fully answered, Defendant/Crossclaim Defendant Greenger respectfully requests that this Court dismiss S.S. Brown's Amended Crossclaim, with prejudice, with all costs to be borne by S.S. Brown, and award Greenger its costs and fees, including attorneys' fees, incurred in the defense of the Amended Crossclaim, together with any other relief this Court deems just and proper.

**JURY DEMAND**

Greenger hereby demands a jury trial in the above-entitled action.

Respectfully submitted,

*s/ Nora K. Cook*

Marc S. Blubaugh (0068221)
Benesch, Friedlander, Coplan & Aronoff LLP
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone: (614) 223-9300
Facsimile: (614) 223-9330
Email: mblubaugh@beneschlaw.com

Nora K. Cook (0086399) (Trial Attorney)
Lauryn T. Robinson (0101046)
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
Email: ncook@beneschlaw.com
lrobinson@beneschlaw.com

*Attorneys for Defendant/Crossclaim Defendant Greenger Electric Technology, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| B.E.T., Ltd., *aka*<br>BRIDGEPORT EQUIPMENT & TOOL<br><br>Plaintiff,<br><br>vs.<br><br>GREENGER ELECTRONIC<br>TECHNOLOGY, LLC, *et al.*,<br><br>Defendants. | ) | CASE NO 2:26-CV-00069-JLG-SCS |

**DEFENDANT/CROSSCLAIM PLAINTIFF GREENGER ELECTRIC TECHNOLOGY, LLC'S, INCORRECTLY NAMED AS GREENGER ELECTRONIC TECHNOLOGY, LLC, CROSSCLAIM AGAINST S.S. BROWN TRANSPORTATION, INC. AND 6G TRANSPORT, LLC**

NOW COMES Defendant/Crossclaim Plaintiff Greenger Electric Technology, LLC, incorrectly named as Greenger Electronic Technology, LLC ("Greenger"), through its attorneys and pursuant to Federal Rule of Civil Procedure 13(g), files its Crossclaims against Defendant/Crossclaim Defendant S.S. Brown Transportation, Inc. ("S.S. Brown") and Defendant/Crossclaim Defendant 6G Transport, LLC ("6G" and, together with S.S. Brown, the "Crossclaim Defendants"), and states as follows:

**JURISDICTION, PARTIES, AND VENUE**

1. This Court has subject matter jurisdiction over these crossclaims pursuant to 28 U.S.C. § 1367(a) because the claims asserted herein are so related to the claims in the underlying action filed by Plaintiff B.E.T., Ltd., a/k/a Bridgeport Equipment & Tool ("B.E.T.") that they form part of the same case or controversy. This Court also has original jurisdiction over Greenger's Carmack Amendment claim pursuant to 28 U.S.C. §§ 1331 and 1337.

2. Greenger is a California limited liability company with its principal place of

business in Ontario, California.

3. Greenger markets and sells various powersports products for distribution and sale throughout the country.

4. Greenger's products have been offered for sale by dealers across the country, including in Ohio.

5. S.S. Brown is a Texas corporation with its principal place of business located in Arlington, Texas.

6. At all relevant times mentioned herein, S.S. Brown was in the business of arranging for the transportation of property as a licensed property broker under Federal Motor Carrier Safety Administration ("FMCSA") No. MC-708015.

7. Upon information and belief, 6G is a Texas limited liability company.

8. Upon information and belief, at all relevant times mentioned herein 6G was engaged in the business of motor carriage of cargo under U.S. Department of Transportation No. 3594468.

9. This Court may exercise personal jurisdiction over S.S. Brown and 6G under Ohio Rev. Code § 2307.382(A)(1), (A)(2), and (C) because the Crossclaim Defendants transacted business in Ohio, contracted to supply services or goods in Ohio, and engaged in conduct establishing jurisdiction consistent with the Ohio and United States Constitutions.

10. This Court has specific personal jurisdiction over S.S. Brown and 6G because the Crossclaim Defendants have purposefully conducted business directed toward the State of Ohio, including arranging and undertaking the transportation of the Shipment to Ohio, and Greenger's claims arise from that conduct.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these crossclaims occurred in this District, including the intended delivery of the Shipment to B.E.T. in Ohio.

## FACTUAL BACKGROUND

12. In late 2025, B.E.T. engaged S.S. Brown as the freight broker to arrange

transportation of a certain shipment of one hundred fifty-six (156) CRF-E2 electric motorcycles and twenty-one (21) lithium E2 batteries, valued at One Hundred Nine Thousand Two Hundred Dollars ($109,200.00) (the “Shipment”), to be delivered from Greenger’s California location to B.E.T.’s location in Marietta, Ohio.

13. Upon information and belief, S.S. Brown and 6G entered into a Broker Carrier Agreement (the “Agreement”) on or about December 5, 2025.

14. Under the Agreement, S.S. Brown engaged 6G to serve as the motor carrier responsible for transporting the Shipment and provided it with the necessary transportation details.

15. In accordance with the arrangements made by S.S. Brown, the Shipment was tendered from Greenger’s California location in good order and condition to the motor carrier 6G or a motor carrier purporting to act as 6G.

16. Upon information and belief, 6G double-brokered the Shipment to an unauthorized or unidentified motor carrier without the knowledge or consent of Greenger.

17. The Shipment of motorcycles and batteries was lost and/or stolen in transit and was never delivered to B.E.T.

18. B.E.T. has filed suit against Greenger, S.S. Brown, and others seeking to recover damages arising from the loss of the Shipment. Greenger denies any liability to B.E.T.

## COUNT I

### (Negligence Against S.S. Brown)

19. Greenger incorporates by reference the allegations contained in the preceding paragraphs as if fully rewritten herein.

20. As the broker that arranged transportation of the Shipment, S.S. Brown owed a duty to exercise reasonable care in selecting, vetting, and verifying the motor carrier and driver to whom the Shipment would be entrusted.

21. S.S. Brown breached that duty by, among other things, failing to adequately vet 6G, failing to verify the identity, operating authority, and fraud-prevention practices of 6G and the driver, and failing to detect or prevent the double-brokering of the Shipment to an unauthorized or

unidentified motor carrier.

22. As a direct and proximate result of S.S. Brown's negligence, the Shipment was lost and/or stolen, Greenger has been subjected to B.E.T.'s claims, and Greenger has suffered damages in an amount to be proven at trial.

**COUNT II**

**(Negligence Against 6G)**

23. Greenger incorporates by reference the allegations contained in the preceding paragraphs as if fully rewritten herein.

24. This Count is pleaded in the alternative to Count III pursuant to Federal Rule of Civil Procedure 8(d)(2).

25. 6G owed a duty to exercise reasonable care in accepting, safeguarding, transporting, and delivering the Shipment, and to refrain from re-brokering the Shipment to an unauthorized or unidentified motor carrier.

26. 6G breached that duty by, among other things, double-brokering the Shipment to an unauthorized or unidentified motor carrier and failing to safeguard and deliver the Shipment.

27. As a direct and proximate result of 6G's negligence, the Shipment was lost and/or stolen, Greenger has been subjected to B.E.T.'s claims, and Greenger has suffered damages in an amount to be proven at trial.

**COUNT III**

**(Liability under the Carmack Amendment Against 6G)**

28. Greenger incorporates by reference the allegations contained in the preceding paragraphs as if fully rewritten herein.

29. At all relevant times, 6G was a motor carrier providing interstate transportation of property subject to the jurisdiction under 49 U.S.C. § 13501, and is liable for loss of property it transports pursuant to the Carmack Amendment, 49 U.S.C. § 14706.

30. The Shipment was tendered to 6G in good order and condition at Greenger's location in California for interstate transportation to B.E.T. in Ohio.

31. 6G failed to deliver the Shipment to B.E.T., and the Shipment was lost and/or stolen while in 6G's care, custody, and control.

32. Greenger, as the shipper of the Shipment, is a person entitled to recover under the receipt or bill of lading, and all conditions precedent to recovery have been satisfied.

33. As a result of 6G's failure to deliver the Shipment, Greenger has suffered damages, including the actual loss of the Shipment valued at $109,200.00, plus interest and costs, and 6G is liable to Greenger for such damages, and to indemnify Greenger for any liability it may have to B.E.T., under 49 U.S.C. § 14706.

**COUNT IV**

**(Indemnity and Contribution Against S.S. Brown and 6G)**

34. Greenger incorporates by reference the allegations contained in the preceding paragraphs as if fully rewritten herein.

35. Greenger denies that it is liable to B.E.T. in any respect. However, if Greenger is found liable to B.E.T., any such liability will have been caused by the acts and omissions of the Crossclaim Defendants, and not by any fault of Greenger, and Greenger's liability, if any, will be secondary and passive.

36. Accordingly, Greenger is entitled to full indemnity from the Crossclaim Defendants or, alternatively, to contribution from the Crossclaim Defendants pursuant to Ohio Rev. Code § 2307.25 et seq. and applicable law, in proportion to their respective fault, for any judgment entered against Greenger, together with its attorneys' fees and costs.

**WHEREFORE,** Defendant/Crossclaim Plaintiff Greenger respectfully requests that this Court enter judgment in its favor and against Crossclaim Defendants S.S. Brown and 6G, jointly and severally, as follows:

(a) awarding Greenger compensatory damages in an amount to be proven at trial;

(b) awarding Greenger damages for the actual loss of the Shipment under 49 U.S.C. § 14706;

(c) ordering the Crossclaim Defendants to indemnify Greenger, or alternatively to contribute, for any judgment entered against Greenger in favor of B.E.T.;

(d) awarding Greenger pre-judgment and post-judgment interest;

(e) awarding Greenger its costs and attorneys' fees to the extent permitted by law; and

(f) granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Greenger hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*s/ Nora K. Cook*
Marc S. Blubaugh (0068221)
Benesch, Friedlander, Coplan & Aronoff LLP
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone: (614) 223-9300
Facsimile: (614) 223-9330
Email: mblubaugh@beneschlaw.com

Nora K. Cook (0086399) (Trial Attorney)
Lauryn T. Robinson (0101046)
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: (216) 363-4500
Facsimile: (216) 363-4588
Email: ncook@beneschlaw.com
lrobinson@beneschlaw.com

*Attorneys for Defendant/Crossclaim Plaintiff*
*Greenger Electric Technology, LLC*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed electronically on November 17, 2026, in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all properly registered parties by operation of the Court's electronic filing system.

*s/ Nora K. Cook*
Nora K. Cook

*One of the attorneys for Defendant/Cross-Defendant*
*Greenger Electric Technology, LLC*